

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-4896
Re: Authority of the Comptroller
of Public Accounts to pay the
claim of William M. Cramer as
Special District Judge for
the 95th Judicial District.

Your letter of October 2, 1942, requesting a legal
opinion of this department upon the above-captioned subject
is as follows:

"I am attaching hereto the claim of William
M. Cramer, Special Judge of the District Court
for the 95th Judicial District, to services ren-
dered to the State of Texas as Special Judge of
said district. Judge Cramer has filed in sup-
port of a former claim a copy of the proceedings
of the local Bar of Dallas County showing his
election as Special Judge to be regular.

"Apparently certain members of the Bar of
Dallas County acting through W. S. Bramlett have
raised the question as to the legality of the
election of William M. Cramer as Special Judge
of the 95th Judicial District, and have filed
with this department a statement of facts to-
gether with the point of law he has raised in
connection with the authority of the members of
the Dallas Bar to elect a Special Judge to a
vacancy. I am submitting the entire file here-
with and will thank you to advise this depart-
ment whether we are authorized to pay the claim
of William M. Cramer as presented."

Section 12 of Article XVI of the Constitution is
as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"No member of Congress, nor person hold-
ing or exercising any office of profit or
trust, under the United States, or either of
them, or under any foreign power, shall be
eligible as a member of the Legislature, or
hold or exercise any office of profit or
trust under this State."

In State v. DeGress, 53 Tex. 387, it was held
that an officer of the United States on the retired list
constitutes a part of the Army of the United States, and
that as such officer, he was forbidden to hold at the same
time the office of Mayor of the City of Austin. State v.
DeGress, 53 Tex. 387. In Ex parte Dailey, 246 S. W. 91,
the Court of Criminal Appeals emphasized this by excepting
from the rule the case of a member of the National Guard,
who had not been called into actual service of the United
States, the office being that of District Judge.

The rule is further accentuated in the case of
Lowe v. State, wherein the Court of Criminal Appeals dif-
ferentiated the status of a National Guardsman and Dis-
trict Judge. The District Judge being absent, the Bar
elected a Special Judge, and the regular judge thereafter
went into the active service, and the court held that the
Special Judge had power to continue the term already be-
gun. Lowe v. State, 201 S. W. 986.

It is well settled that where one accepts an in-
compatible office with the one he holds he thereby auto-
matically as matter of law vacates the first office. State
v. DeGress, supra; Lowe v. State, supra; Biencourt v. Parker,
27 Tex. 558; State v. Brinkerhoff, 66 Tex. 45, 17 S. W. 109;
State v. Valentine, 198 S. W. 1006; Pruitt v. Glen Rose In-
dependent School Dist. No. 1, 84 S. W. (2) 1004; 100 A.L.R.
1158; Keel v. Railroad Commission of Texas, 107 S. W. (2)
439.

Under the facts shown by the instruments accompany-
ing your letter, Judge Richard J. Dixon, the regularly elect-
ed District Judge for the 95th Judicial District, as a volun-
teer was temporarily appointed and commissioned as a Major in
the Army of the United States, such commission to continue in
force during the pleasure of the President of the United
States for the time being, and for the duration of the pres-

ent emergency and six months thereafter, unless sooner terminated, and has accepted such appointment, and has actually been engaged in the service as such Major up until the present time. Mr. Cramer was elected by the Bar of Dallas County, after such appointment and qualification of Judge Dixon.

As shown by the various instruments accompanying your letter, Judge Dixon does not come within any of the exceptions contained in the Constitution, and therefore not within the case of Carpenter v. Sheppard, 145 S. W. (2) 562. Judge Dixon has, therefore, vacated his office of District Judge.

Vacancies in the office of judge of the District Courts are required to be filled by the Governor. Sec. 28, Art. V, of the Constitution.

In Opinion No. O-1784 this department ruled, "That no provision has been made for the election of a Special Judge, or the assignment of a judge from another district within the administrative district, following the death of the regular judge, and prior to the filling of the vacancy occasioned by the death of the District Judge by appointment made by the Governor." See, Leonard V. Spear, 43 S. W. (2) 474; Glover v. Albrecht, 173 S.W.804.

Article 6828 of the Revised Civil Statutes reads:

"It shall be unlawful for any officer or court of this State, or of any municipal division thereof, to allow, audit, pay or order to be paid, the claim of any person for salary, compensation, fees, perquisites, emoluments or services, as an officer of the State or of any municipal division thereof, except to such person as has been duly elected such officer by the qualified voters of this State, and whose election has been ascertained and certified or declared in the manner required by law, or who has been appointed such officer by the lawful appointing power under the Constitution and laws of this State, or who has been adjudged entitled thereto by a State court of competent jurisdiction, and has qualified as such officer in accordance with law. Any person not so elected, appointed and qualified shall not be entitled to receive pay for services as such officer, or to exercise the powers or jurisdiction of such officer. The official acts of any person claim-

ing a right to exercise such power or juris-
diction contrary to the provisions of this
law shall be void."

If it be contended that Mr. Cramer is entitled to
compensation as "Special District Judge", the answer is clear
that the law does not provide for the office of "Special Dis-
trict Judge", where the office of "District Judge" is vacant.
Since there is no office of "Special District Judge" provided
for under the circumstances, it is obvious that Mr. Cramer
can not be paid compensation authorized by law for "Special
District Judges" -- for the compensation provided is for the
occupants of the de jure offices of "Special District Judge".

You are therefore respectfully advised that there
exists no authority for paying Special Judge Cramer for his
services.

This opinion, of course, in nowise passes upon the
question of the validity of Judge Cramer's acts, decrees and
the like, since such question is not involved in your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR



APPROVED OCT 20, 1942

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN